UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY L. TROUPE,

      Plaintiff,

      v.                                    Case No. 25-cv-0705-bhl

TONY EVERS,
WARDEN JOHNSON,
NYES SHORTER,
MILTON CHILDS,
AGENT HIGGINS, and
OFFICER FENDERSON,

      Defendants.

## SCREENING ORDER

      Plaintiff Anthony Troupe, who is currently serving a state prison sentence at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Troupe's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

      Troupe has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Troupe has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $1.10. Troupe's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

ANALYSIS

Troupe's complaint fails to state a claim because he has not provided include a short and plain statement showing that he is entitled to relief as required by Fed. R. Civ. P. 8. Although Troupe names six individuals in the caption of his complaint, including the Wisconsin Governor, the Warden of his institution, and a Milwaukee County Circuit Court judge, the body of his complaint does not contain allegations of what each person did or did not do to allegedly violate his constitutional rights. Troupe attaches a handful of documents to his complaint, but it is not the Court's job to evaluate documents to determine what, if any, claims a plaintiff states. In any event, the only document of substance that Troupe attached is a request form to prison staff asking for a copy of his case materials because he is representing himself and must "prove Christ is a man and not castrated to be made into transgender to Goodman." Dkt. No. 1-1 at 8. Not only does such a request not state a claim, but it is nonsensical. Accordingly, the complaint fails to state a claim upon which relief may be granted. *See Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002) (holding that courts need not credit assertions that are "so nutty ('delusional' is the polite word) that they're unbelievable").

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Troupe believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **August 6, 2025**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th

Cir. 1998). If Troupe chooses to file an amended complaint, he should take care to allege (1) who was involved; (2) what that person did or did not do to allegedly violate his rights; (3) when it happened; and (4) how each person's action or inaction impacted him. Troupe should set forth his allegations in short, easy-to-understand sentences. His allegations should not include legal arguments or legal terms—he simply needs to tell the Court in everyday language what happened.

If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Troupe's failure to state a claim in his original complaint. If Troupe does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision. Troupe must use the form. *See* Civil L. R. 9(b).

Finally, the Court will deny Troupe's motions to compel. Because the Court has not yet identified cognizable claims as required by 28 U.S.C. §1915A, there is no one to compel to provide Troupe with the relief he requests. And, at this point, all Troupe must do is prepare an amended complaint. Therefore, his requests asking for documents are premature. The Court also advises Troupe not to file documents without explanation of what the documents are and how they relate to his case. *See* Dkt. Nos. 6, 7, 9, 12, 13, 17, 21, 23. The docket is the official record of the filings in the case, which include pleadings and specific requests for relief (*i.e.*, motions), the supporting declarations and briefs needed to show a right to the relief requested, and the Court's decisions and orders disposing of those requests. Cluttering the docket with other filings creates confusion and interferes with the ability of the Court and the parties "to secure the just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1. **In the future, documents that are**

**not filed in support of a pleading or motion or without explanation of their relevance to the case will be returned to Troupe unfiled.**

CONCLUSION

**IT IS THEREFORE ORDERED** that Troupe's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Troupe's motions to compel (Dkt. No. 14, 26) are **DENIED**.

**IT IS FURTHER ORDERED** that on or before **August 6, 2025**, Troupe may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Troupe a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order. Troupe must use the form if he chooses to file an amended complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Troupe shall collect from his institution trust account the $348.90 balance of the filing fee by collecting monthly payments from Troupe's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Troupe is transferred to another institution, the transferring institution shall forward a copy of this Order along with Troupe's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Troupe is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Troupe is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on July 8, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge