UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY L. TROUPE,

        Plaintiff,

   v.                                    Case No. 25-cv-0705-bhl

TONY EVERS,
CHEVY JOHNSON,
NYES SHORTER,
MILTON CHILDS,
DORIAN HIGGINS,
LARONTAY FENDERSON,
STEVEN JOHNSON,
PAMELA PEPPER, and
BRETT LUDWIG,

        Defendants.

## SCREENING ORDER

Plaintiff Anthony Troupe, who is currently serving a state prison sentence at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On July 8, 2025, the Court screened the complaint and after concluding it was frivolous and failed to state a claim, gave Troupe the opportunity to file an amended complaint, which he did on July 21, 2025. This matter comes before the Court to screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or

malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ANALYSIS

The amended complaint is deficient for the same reasons as Troupe's original complaint: Namely, the allegations are nonsensical. Troupe alleges that he is "at risk of injury via retaliation and blackball from employment/housing for not allowing the Racine Police Department to kill [him]." He also alleges that "Chief Magistrate Pepper continues to act as a bribed gatekeeper" because she allowed two law firms to represent the defendants in an action against him. He voices his concern that she "may continue to act in bias with" the judge currently assigned to this case. He also complains that Tony Evers has allowed "flags of sexual perversion at every state building and prison." And he alleges that officers have been "actively hindering and harassing [him] as a felon with lesser rights to the death of at least [his] mother with their disabling of 911 with usage of criminal informants that are sometimes armed." Troupe seeks the removal of all LGBT flags, an end to the doctrine of judicial immunity, investigation of the laundering of public schools' lead abatement, and the halt of child sex trafficking and ghost guns distribution by defendants targeting school zones. He also seeks $20,000,000. Dkt. No. 34.

2

As explained in the original screening order, courts need not credit assertions that are "so nutty ('delusional' is the polite word) that they're unbelievable." *See Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002). This case must therefore be dismissed because the amended complaint is frivolous and fails to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint is frivolous and fails to state a claim.

**IT IS FURTHER ORDERED** that Troupe's motion to compel (Dkt. No. 35) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. §1915(a)(3) unless Troupe offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin on July 24, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.