UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTHONY L. TROUPE,

    Plaintiff,

v.                                        USDC Case No. 25-cv-0705-bhl

                                             USCA Case No. 25-1952

TONY EVERS et al.,

    Defendants.

---

## DECISION AND ORDER

---

Plaintiff Anthony Troupe is representing himself in this 42 U.S.C. §1983 case. On July 8, 2025, the Court screened the original complaint, concluding that the complaint was frivolous and failed to state a claim because the only statement of substance that Troupe included was nonsensical. *See* Dkt. No. 33 (citing Dkt. No. 1-1 at 8). The Court gave Troupe an opportunity to file an amended complaint, which he did a couple of weeks later. Dkt. No. 34. On July 24, 2025, the Court screened the amended complaint and concluded that it, too, was frivolous and failed to state a claim. The Court certified that "any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. §1915(a)(3) unless Troupe offer[ed] bona fide arguments supporting his appeal." Dkt. No. 36.

On July 31, 2025, Troupe filed a photocopy of the first two pages of the Court's litigation guide with the caption "Motion for reconsideration." Dkt. No. 38. He added, "I based my claim for due process on this format and Ludwig's instructions after judicial complaint. I've yet to receive the dismissal of 7/24/25." *Id.* The clerk's office construed Troupe's filing as a notice of appeal, presumably because Troupe also filed a document that he captioned "Request for in forma

pauperis status on appeal." *See* Dkt. No. 39. In his request to proceed on appeal in forma pauperis, Troupe stated, "My blackball and gatekept status remains to prevent my ability to earn a wage or practice a trade by discrimination due to my faith in Christ our Lord & Savior. Judge Ludwig may think it's 'nuts' but our nation was founded off Holy Biblical principles." *Id.*

Troupe has failed to offer *any* arguments, let alone bona fide arguments, supporting his appeal, so the Court concludes that his appeal is not taken in good faith. Accordingly, the Court will deny Troupe's motion to proceed on appeal in forma pauperis. *See* Fed. R. App. P. 24(a)(3)(A) (stating that a party may not proceed on appeal in forma pauperis if the district court certifies that the appeal is not taken in good faith).

Troupe incurred the filing fee by filing the notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 433–34 (7th Cir. 1997), *rev'd on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) *and Lee*, 209 F.3d at 1025. Because the Court is denying his request to proceed in forma pauperis, he must pay the full $605.00 filing fee within 14 days of this order if he wants to proceed with his appeal. *Id.*; Seventh Circuit Rule 3(b). Failure to pay in full by the deadline may result in the appellate court dismissing the appeal. *Newlin*, 123 F.3d at 434. If Troupe wishes to contest this ruling, he must renew his motion to proceed in forma pauperis <u>with the Court of Appeals</u> within 30 days after service of this order. Fed. R. App. P. 24(a).

Troupe also filed a "Request to alter judgement." Under Rule 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted). A manifest error of law "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling

2

precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.2d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Troupe references a motion for post-conviction relief and, despite not having filed a motion to appoint counsel, speculates that the Court failed to appoint counsel because of a "conflict of interest." Troupe does not identify any errors in the Court's screening order, nor does he offer newly discovered evidence. Accordingly, there is no basis for granting his Rule 59(e) motion.

**IT IS THEREFORE ORDERED** that Troupe's motion for leave to appeal without prepaying the filing fee (Dkt. No. 39) and his motion to alter judgment (Dkt. No. 42) are **DENIED**. The Court again certifies that Troupe's appeal is taken in bad faith.

**IT IS FURTHER ORDERED** that within **14 days from the date of this order** Troupe shall forward to the Clerk of Court $605.00 as the full filing fee in this appeal. Troupe's failure to pay the full appellate filing fee by the deadline may result in the appellate court dismissing this appeal. The payment shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that a copy of this order be provided to the PLRA Attorney, United States Courts of Appeals for the Seventh Circuit, through the court's electronic case filing system.

Dated at Milwaukee, Wisconsin on August 8, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge